IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYNERGY GLOBAL OUTSOURCING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> SAGILITY OPERATIONS INC. f/k/a HGS HEALTHCARE OPERATIONS INC., HGS USA, LLC, SAGILITY LLC f/k/a HGS HEALTHCARE, LLC, BETAINE (US) BIDCO, INC., BETAINE (US) HOLDINGS, INC., and BETAINE (US) ACQUISITIONCO INC. <br><br> Defendants. | Case No. 21 C 5652 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Synergy Global Outsourcing sued Betaine (US) BidCo, Inc., Betaine (US) Holdings, Inc., Betaine (US) Acquisitionco Inc., Sagility Operations Inc. f/k/a HGS Healthcare Operations Inc., and Sagility LLC f/k/a HGS Healthcare (collectively, the "Baring defendants") and HGS USA, LLC (together with the Baring defendants, "defendants"). In count 1 of its complaint, Synergy sought a declaratory judgment regarding the contractual liabilities or obligations between it and the defendants. In count 2, Synergy alleged that the defendants violated the Illinois Uniform Fraudulent Transfer Act. In a previous decision, the Court determined to exercise its jurisdiction over the declaratory judgment claim (count 1) only to the extent it sought adjudication of current and ongoing responsibility of the parties under a contract called the Broker Agreement and other related agreements. *Synergy Glob. Outsourcing, LLC v. HGS*

*Healthcare Operations Inc.*, No. 21 C 5652, 2022 WL 3357275, at *4 (N.D. Ill. Aug. 14, 2022) ("*Synergy I*").  The Court stayed litigation of the fraudulent conveyance claim.  *Id.*

Subject to the limitation previously articulated, the Court later granted summary judgment in defendants' favor on count 1.  *Synergy Glob. Outsourcing, LLC v. Sagility Operations Inc.*, No. 21 C 5652, 2024 WL 3757081, at *7 (N.D. Ill. Aug. 9, 2024) ("*Synergy II*").  Count 2 remains stayed.  Synergy has filed a motion to clarify the Court's memorandum opinion and order granting summary judgment in defendants' favor on count 1.  For the reasons below, the Court denies Synergy's motion to clarify but has attempted to resolve the claimed confusion.

## Background

Hinduja Global Solutions, Inc. (HGSI), with its subsidiaries and affiliates, provides information technology services, back-office support, and other services to clients around the world.  In 2020, Baring Private Equity Asia (Baring) investment professionals were approached about participating in an auction process that a global investment bank was conducting on HGSI's behalf.  The auction was in connection with the divestiture of corporate assets comprising HGSI's healthcare-focused business.  These assets included HGS Healthcare.

During the course of due diligence into the sales assets, Baring became aware of litigation in Texas state court between Synergy and HGSI.  In December 2019, Synergy sued HGSI in Texas seeking commissions it claims it is owed under alleged broker agreements to which Synergy and various HGSI affiliates were counterparties.  One representative written broker agreement is at issue in the Texas litigation and also before this Court (the Broker Agreement).  Synergy and HGSI are the only signatories

2

to this written agreement. Synergy later added HGS Healthcare as a defendant in the Texas litigation; it contends that the Broker Agreement was at some point assigned by HGSI to HGS Healthcare. Disputes about whether the Broker Agreement is valid and whether the agreement was assigned to HGS Healthcare are being litigated in the Texas action.

In 2021, HGSI and affiliated entities sold to Baring a 100 percent interest in their healthcare services business and certain assets, contracts, and employees that comprised their healthcare-related business, including HGS Healthcare (the Baring transaction). Until this sale, HGS Healthcare had been an affiliate of HGSI. After the sale, HGS Healthcare continues to exist as an operating entity and is an affiliate of Baring. Defendants Betaine (US) BidCo, Inc., Betaine (US) Holdings, Inc., Betaine (US) Acquisitionco Inc., and Sagility Operations Inc. f/k/a HGS Healthcare Operations Inc., are also affiliates of Baring. HGSI and Baring are not parties to this lawsuit.

The Court previously determined it would exercise its jurisdiction over the declaratory judgment claim to the extent it seeks adjudication of *current and ongoing* liabilities of the parties under the Broker Agreement and other related agreements. *Synergy I*, 2022 WL 3357275, at *4. The Court explained that "adjudicating the declaratory judgment claim to the extent it concerns liability for a judgment in the Texas case would unnecessarily overlap with that case and would risk interference with the orderly progress of the Texas lawsuit." *Id.* The Court then granted summary judgment in defendants' favor on count 1. *Synergy II*, 2024 WL 3757081, at *1. In its summary judgment order, the Court again noted its prior decision to exercise its jurisdiction over the declaratory judgment claim only to the extent the claim seeks adjudication of the

3

current and ongoing responsibilities of the parties under a contract called the Broker Agreement and other related agreements.  *Id.*

Synergy's motion seeks clarification of two issues:  (1) a better understanding of the Court's reasoning for granting summary judgment as to HGS Healthcare; and (2) that the order did not and was not intended to adjudicate the claims Synergy asserts against HGS Healthcare in the Texas Action.  During a hearing on October 25, 2024, HGS Healthcare's counsel stated that HGS Healthcare regarded the summary judgment order as preclusive regarding the responsibility by HGS Healthcare from the Baring transaction forward, but not as preclusive regarding any liabilities predating the Baring transaction.  Based on this, Synergy's counsel stated that the second issue in its motion for clarification was no longer a concern.  Accordingly, the Court addresses only the first issue in Synergy's motion.

## Discussion

Rule 60 does not govern Synergy's request.  Instead, Synergy's request is a common law motion for reconsideration.  *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  A motion for reconsideration is helpful if the Court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "Such problems rarely arise and the motion to reconsider should be equally rare."  *Id.*

Synergy essentially asks the Court to answer two questions:  (1) why HGS Healthcare does not retain obligations to Synergy; and (2) where those obligations now

4

reside.  The Court answered the first question in its decision, and the second was not an issue in the case.  Under Illinois law, "[t]he well-settled general rule is that a corporation that purchases the assets of another corporation is not liable for the debts or liabilities of the transferor corporation."  *Vernon v. Schuster*, 179 Ill. 2d 338, 344-45, 688 N.E.2d 1172, 1175 (1997).  The Court explained that the Baring transaction "was an asset sale in which the Baring defendants negotiated with HGSI to acquire a variety of its healthcare-related assets, leaving HGSI's non-healthcare business intact.  The membership interest in HGS Healthcare was one such healthcare related asset."  *Synergy II*, 2024 WL 3757081, at *4.  The Court also explained: "The transaction documents clearly show that the Baring defendants expressly disclaimed any potential liability to Synergy in both the Master Framework Agreement and the assumption agreement, and HGSI affirmatively retained and assumed it in the assumption agreement."  *Id.* at *5.  Thus the Court held that "Synergy has not provided a legitimate basis for the Court to abandon the general rule of successor nonliability or to disregard the express allocation of potential liabilities to Synergy reflected in the transaction documents."  *Id.* at *6.  Instead, "[t]he Baring defendants have met their burden of establishing the absence of any genuine dispute of material fact regarding their lack of obligation to Synergy and entitlement to judgment as a matter of law."  *Id*.

   Synergy argues that clarification is needed based on several references within the order that discuss HGS Healthcare separately from the Baring defendants.  But these portions of the order refer to HGS Healthcare at the time it was an affiliate of HGSI, not when it became an affiliate of Baring.  As one example, Synergy questions the Court's statement that "potential liabilities that HGS Healthcare may have had to

5

Synergy did not transfer to the Baring defendants during the Baring transaction." *Id.* at *4. Synergy argues that the quoted discussion held that HGS Healthcare did not transfer its liabilities to itself. That is incorrect, and the decision is not appropriately read that way. This portion of the order explained that potential liabilities that HGS Healthcare may have had to Synergy *when HGS Healthcare was an affiliate of HGSI* did not transfer to the Baring defendants—which today include HGS Healthcare—when HGSI sold HGS Healthcare to Baring as part of the asset sale.

The Court granted the Baring defendants' motion for summary judgment on count 1 (dkt. no. 153). *Id.* at *7. HGS Healthcare was a moving party in the Baring defendants' motion for summary judgment, and the Court did not exclude it from the decision to grant that motion. *Id.* No further clarification or reconsideration is necessary.

## Conclusion

For the foregoing reasons, the Court denies Synergy's motion for clarification [dkt. no. 194], though the Court believes it has provided the clarification Synergy sought. On a broader point, it appears that the Texas litigation, which appears to have bounced back and forth between different parts of that state's court system, is no longer progressing. And this case, part of which has been stayed pending resolution of the Texas litigation, is now four years old. The Court questions at this point whether a stay remains the appropriate way of handling the remaining claims in the present case. The parties are directed to confer regarding how the remainder of the present case should proceed and are to file a joint status report with their proposals on August 29, 2025. A telephonic status hearing is set for September 3, 2025 at 9:15 a.m., using call-in

6

number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 25, 2025

...

number 650-479-3207, access code 2305-915-8729.

                                                _____
                                                MATTHEW F. KENNELLY
                                                United States District Judge

Date: August 25, 2025