**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SYNERGY GLOBAL OUTSOURCING, LLC,** | ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21 C 5652** |
| | ) | |
| **SAGILITY OPERATIONS INC. F/K/A HGS HEALTHCARE OPERATIONS INC., HGS USA, LLC, SAGILITY LLC F/K/A HGS HEALTHCARE, LLC, BETAINE (US) BIDCO, INC., BETAINE (US) HOLDINGS, INC., AND BETAINE (US) ACQUISITIONCO INC.** | ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

MATTHEW F. KENNELLY, District Judge:

Synergy Global Outsourcing sued Betaine (US) BidCo, Inc., Betaine (US) Holdings, Inc., Betaine (US) Acquisitionco Inc., Sagility Operations Inc. f/k/a HGS Healthcare Operations Inc., Sagility LLC f/k/a HGS Healthcare and HGS USA, LLC. In count 1, Synergy sought a declaratory judgment regarding the contractual liabilities or obligations between it and the defendants. In count 2, Synergy alleged the defendants violated the Illinois Uniform Fraudulent Transfer Act. The Court granted summary judgment in the defendants' favor on count 1 and dismissed count 2 without prejudice. The defendants have now moved for sanctions under Federal Rule of Civil Procedure 11 and for allowance of costs under Rule 54.

For the reasons below, the Court denies the defendants' motion for sanctions but

grants their motion for costs.

## Background

Hinduja Global Solutions, Inc. (HGSI), with its subsidiaries and affiliates, provides information technology services, back-office support, and other services to clients around the world.  In 2020, Baring Private Equity Asia (Baring) investment professionals were approached about participating in an auction process that a global investment bank was conducting on HGSI's behalf.  The auction was in connection with the divestiture of corporate assets comprising HGSI's healthcare-focused business.  These assets included HGS Healthcare.

During its due diligence into the sales assets, Baring became aware of litigation in Texas state court between Synergy and HGSI.  In December 2019, Synergy sued HGSI in Texas seeking commissions it claims it is owed under alleged broker agreements to which Synergy and various HGSI affiliates were counterparties.  The representative written broker agreement in the Texas litigation and before this court (the Broker Agreement) includes a clause stating that

> [t]his Agreement . . . will survive in the event that either party is bought or sold, or any other event that triggers a change in control of a party.  Any company or entity that acquires a party will assume and be bound to the terms and conditions of this Agreement.

Dkt. no. 165-1, Ex. 8 at 2.  Synergy and HGSI are the only signatories to this written agreement.

Baring and its affiliates participated in the auction process and submitted a successful bid.  Baring and HGSI then negotiated the terms and scope of the transaction.  These negotiations included apportionment of, and responsibility for, liabilities to Synergy associated with any alleged broker agreements and with the Texas

litigation.  The structure and terms of the transaction were memorialized in a Master

Framework Agreement, US Transfer Agreement, and other constituent documents (the

transaction documents).

The transaction documents included an agreement—referred to by the parties in

this case as the "assumption agreement"—that includes a provision stating that HGSI

> shall indemnify, defend and hold [the Baring defendants] harmless from and against any and all losses, damages, liabilities, obligations, penalties, claims, actions judgments, suits, costs, expenses, and disbursements of any kind or nature whatsoever . . . resulting from (i) the Synergy Litigation, the Mesilla Litigation, the Broker Agreement or any other alleged obligation of HGS Healthcare to Synergy or any of its affiliates in respect of HGS Healthcare's business relationship with Humana, Inc.
>
> . . .
>
> [And that HGSI] agrees and acknowledges . . . that any past, present or future liabilities or obligations allegedly arising under the Broker Agreement, any other alleged obligation of HGS Healthcare to Synergy or any of its affiliates in respect of HGS Healthcare's business relationship with Humana, Inc. . . . shall be borne, assumed and retained by [HGSI].

Defs.' Ex. 1 §§ 1.1, 1.2.

In 2021, HGSI and affiliated entities sold to Baring a 100 percent interest in their

healthcare services business and certain assets, contracts, and employees that

comprised their healthcare-related business, including HGS Healthcare (the Baring

transaction).

Synergy initiated this suit on October 22, 2021, between the signing and closing

of the Baring transaction.  In count 1 of its complaint, Synergy sought a declaratory

judgment regarding the contractual liabilities or obligations between it and the

defendants.  In count 2, Synergy alleged that the defendants violated the Illinois Uniform

Fraudulent Transfer Act.  In a previous decision, the Court determined it would exercise

its jurisdiction over the declaratory judgment claim to the extent it sought adjudication of current and ongoing liabilities of the parties under the Broker Agreement and other related agreements. *Synergy Glob. Outsourcing, LLC v. HGS Healthcare Operations Inc.*, No. 21 C 5652, 2022 WL 3357275, at *4 (N.D. Ill. Aug. 14, 2022) (*"Synergy I"*). Subject to this limitation, the Court later granted summary judgment in the defendants' favor on count 1. *Synergy Glob. Outsourcing, LLC v. Sagility Operations Inc.*, No. 21 C 5652, 2024 WL 3757081, at *7 (N.D. Ill. Aug. 9, 2024) (*"Synergy II"*).

On September 19, 2025, the parties filed a stipulation of dismissal stating that Synergy agreed to dismiss count 2, without prejudice, effective upon the Court's entry of final judgment dismissing count 1 with prejudice. The stipulation also provided that the defendants must file any motion seeking an award of attorney's fees and expenses from Synergy no later than November 7, 2025.

On September 22, 2025, the Court entered judgment dismissing count 1 with prejudice, dismissed count 2 without prejudice, and ordered the defendants to file any motion for attorney's fees and expenses by November 7, 2025. At the defendants' request, the Court extended the deadline for filing a motion for attorney's fees and expenses to November 14, 2025.

The defendants have now moved for sanctions pursuant to Federal Rule of Civil Procedure 11 and allowance of costs other than attorney's fees pursuant to Rule 54.

## Discussion

### A. Rule 11

The defendants first seek sanctions under Rule 11. Rule 11 provides that by filing a document with the Court, an attorney certifies that "to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing has an adequate foundation in fact and law, and "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b).  Rule 11 embodies both an objective and a subjective standard, prohibiting "frivolousness on the objective side" and "bad faith on the subjective side."  *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 583 (7th Cir. 2019) (citing *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 930 (7th Cir. 1989)).

The defendants contend that sanctions are appropriate because Synergy advanced claims that it knew lacked reasonable evidentiary support; they do not argue that Synergy acted in bad faith.  Synergy responds that the defendants' motion is untimely and that sanctions are not warranted because its decision to seek a declaratory judgment to determine the contractual liabilities and obligations of the parties was objectively reasonable.

### 1.    Timeliness

Synergy contends that the defendants' motion is untimely because they waited almost three and a half years after sending Synergy a Rule 11 letter to file the motion. The defendants respond that the sanctions issue must be resolved at the end of the litigation because they seek sanctions on the basis that Synergy lacked evidentiary support for its pleading.

The defendants' motion is timely.  As the Advisory Committee Note to Rule 11 explains, "it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation . . . ."  Fed. R. Civ. P. 11, Adv.

Cmte. Note (1983 Amendment).  The defendants' motion is based on an argument that Synergy knew as early as 2022 that it did not have adequate factual support for its claims.  Before the summary judgment stage, the facts relevant to this argument were not yet fully developed.  Thus the sanctions motion would have been premature at that point.

The Seventh Circuit's decision in *Matrix IV, Inc. v. American National Bank and Trust Co. of Chicago*, 649 F.3d 539, 553 (7th Cir. 2011), is instructive.  A defendant sent Matrix notice of its intent to seek sanctions two weeks after Matrix filed its initial complaint.  *Id.* at 552.  The defendant informed Matrix that it would seek sanctions unless Matrix voluntarily dismissed the suit because it contended that Matrix's claims were groundless.  *Id.*  "More than two years later, the district court dismissed the case, and as promised," twenty-three days after the dismissal the defendant filed for Rule 11 sanctions.  *Id.*  The court explained that "[t]he 21-day window specified in Rule 11 is a floor, not a ceiling . . . ."  *Id.*

This case is similar.  The defendants sent Synergy a Rule 11 letter and draft motion in June 2022.  The case then proceeded through discovery and motion practice. The Court granted summary judgment in the defendants' favor on count 2, and Synergy agreed to dismiss count 1 without prejudice.  The parties then expressly agreed that the defendants could file a motion for attorney's fees by November 7, 2025.  The Court later extended this deadline to November 14, 2025.  The defendants filed the motion for sanctions on November 14—fifty-three days after the Court entered final judgment. This was timely based on both the deadline Synergy agreed to and the 90-day "outer parameters" the Seventh Circuit has recognized for filing such a motion.  *Matrix IV,* 649

F.3d at 553.

### 2. Frivolousness

The question before the Court is whether it was objectively reasonable for Synergy to continue to seek a declaratory judgment after it obtained the assumption agreement and other documents related to the Baring transaction. "Rule 11 sanctions—monetary or other penalties assessed against attorneys who violate these requirements—are designed to deter baseless filings, like those presented for an improper purpose." *Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024). "But because sanctions can harm the reputation of attorneys and chill the creativity of counsel, care must be taken in their issuance." *Id.*

The defendants contend that the assumption agreement and other transaction documents were unambiguous and that any objective attorney should have known that HGS Healthcare and the Baring defendants could not be liable to Synergy. Synergy responds that its claims were objectively reasonable because it needed a determination of its rights—even after it received the assumption agreement—based on a dispute between the parties regarding the interpretation of the various agreements and transaction documents.

At the summary judgment stage, Synergy argued that, even if HGS Healthcare assigned its liabilities to another party, it remained liable as well under Illinois law. According to Synergy's view of the evidence, the Baring transaction was a stock sale rather than an asset sale. Based on this view, Synergy argued that the general rule of successor nonliability would not apply. *Synergy II*, 2024 WL 3757081, at *4. Synergy also argued that the Baring defendants impliedly agreed to assume HGS Healthcare's

liabilities because the Broker Agreement includes a clause stating that it "will survive in the event that either party is bought or sold, or any other event that triggers a change in control of a party," and "[a]ny company or entity that acquires a party will assume and be bound to the terms of this Agreement." Dkt. no. 165-1, Ex. 8 at 2. Although Synergy's arguments were not strong, the Court concludes that—based on the disputed nature of the Baring transaction and the various agreements at issue—its actions were objectively reasonable.

This case differs from *Matlin v. Spin Master Corp.*, 979 F.3d 1177 (7th Cir. 2020), cited by the defendants. In *Matlin*, the court determined that the plaintiffs' claims were precluded by the doctrine of *res judicata* and were groundless based on the plain language of the governing contract. *Matlin*, 979 F.3d at 1181. The court explained that the purchase agreement at issue "unambiguously provided" that a party "only assumed liabilities" from another party "under specific 'Assumed Contracts,' and the [contract at issue] was not one of those contracts." *Id.* Based on this unambiguous language, the court stated that the argument for sanctions was compelling. *Id.*

The agreements and transaction documents in this case were not so straightforward. Synergy's argument was based on the interaction between multiple provisions in multiple agreements—rather than one unambiguous provision. Synergy also made a good faith argument that, based on the language in the Broker Agreement, any party that acquired HGS Healthcare must also assume its liabilities under that agreement. Although the Court ultimately found that Synergy's arguments were not compelling, that does not render them frivolous.

For these reasons, the Court concludes that sanctions are not warranted in this

case.

**B.    Rule 54(d)**

The defendants separately seek allowance of costs other than attorney's fees

under Rule 54(d).  Rule 54(d) provides, "Unless a federal statute, these rules, or a court

order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party."  Fed. R. Civ. P. 54(d).  "For the purposes of Rule 54, a party is

deemed prevailing if it prevails as to a substantial part of the litigation," even if that party

did not prevail on every clam.  *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017)

(internal quotation marks omitted).  "[I]n a case with mixed results," the district court has

"especially broad discretion to award or deny costs."  *Id.*

Synergy's objections to the defendants' motion are solely procedural; it does not

dispute that the defendants are the prevailing parties.  Specifically, Synergy contends

that the Court's judgment does not include an award of costs in favor of the defendants.

And, Synergy argues, if it did, the defendants were required to file a bill of costs within

thirty days.  *See* N.D. Ill. L.R. 54.1 ("Within 30 days of the entry of a judgment allowing

costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the

bill on each adverse party.").  The defendants respond that "[t]he parties explicitly

stipulated to the submission of a single motion seeking fees and costs."  Defs.' Reply at

11.  The defendants also argue that Local Rule 54.1 does not apply here because the

Court's September 22 judgment is silent regarding costs.  The Court agrees with the

defendants that its motion for allowance of costs is timely because the parties expressly

agreed that the defendants may file such a motion by November 14.  Dkt. no. 212.

Synergy also argues that defendants' request is procedurally improper because a

9

motion for sanctions under Rule 11 must be made separately from any other motion. But the defendants have brought a motion for sanctions and a motion for allowance of costs. The fact that the motions were made in a single filing does not make them improper under Rule 11.

Because Synergy's procedurals arguments lack merit and there is no dispute that the defendants are the prevailing parties, the Court concludes that the defendants are entitled to costs under Rule 54(d).

### Conclusion

For the foregoing reasons, the Court denies the defendants' motion for sanctions [dkt. no. 218] and grants the motion for allowance of costs. defendants must file any bill of costs by February 19, 2026. Synergy must file any objections to the bill of costs by March 2, 2026. A telephonic status hearing is set for March 9, 2026 at 9:15 a.m., using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 9, 2026